UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK WAYNE CLARK,

    Plaintiff,

  v.

DEAN MASON, et al.,

    Defendants.

CASE NO. C04-1647C

ORDER

    This matter comes before the Court on the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 90), and Plaintiff's Objections to Report and Recommendation (Dkt. No. 91). Having reviewed the materials submitted by the parties and being fully informed, the Court hereby finds and rules as follows:

    On July 19, 2004, Plaintiff, an inmate at a Washington state correctional facility, filed a complaint against twenty-five correctional officials and employees, and state Indeterminate Sentencing Review Board members (Dkt. No. 6). Plaintiff's complaint lists four broad causes of action under 42 U.S.C. § 1983, which essentially allege that Defendants violated his constitutional rights by engaging in a variety of retaliatory acts against him. On October 8, 2004, Defendants filed a motion to dismiss all or part of Plaintiff's complaint (Dkt. No. 39).

ORDER – 1

1    In her Report and Recommendation, Judge Theiler addressed each of Defendants' four arguments
2    for dismissal and made the following findings.  First, Plaintiff did not exhaust available administrative
3    remedies with respect to the alleged unconstitutionality of a Department of Corrections' policy ("DOC
4    450.100") because Plaintiff's claim was filed before the Department of Corrections' Defender Grievance
5    Program completed its review of that issue.  Next, Plaintiff's claims regarding events preceding July 19,
6    2001 are barred by the applicable three-year statute of limitations because those events are considered
7    discrete acts, as opposed to a continuing violation.  In addition, claims against Defendants Garret and
8    Austin are not viable because Plaintiff does not allege wrongdoing on their part after July 19, 2001.
9    However, as construed, Plaintiff's claim *does* allege that his constitutional rights were violated as a result
10   of Defendants' alleged retaliatory acts.  Also, Defendants are not entitled to qualified immunity because
11   they are accused of retaliatory acts that, if proven, violate Plaintiff's constitutional rights.

12    In his objection to Judge Theiler's Report and Recommendation, Plaintiff simply restates the
13   charge raised in his complaint that Defendants advanced false testimony to obtain an unfair dismissal in
14   this action and secure dismissal in a previous action.  The Court finds that Plaintiff's objection fails to
15   address Judge Theiler's findings regarding exhausting administrative remedies and the statute of
16   limitations.  Moreover, Judge Theiler noted, and the Court agrees, that while Plaintiff asserts that
17   Defendants unfairly obtained dismissal in an earlier, nearly identical, complaint filed by Plaintiff, Plaintiff
18   had the opportunity in that case, and on appeal, to address the false testimony issue.

19    Therefore, the Court orders as follows:

20    (1)    The Court hereby ADOPTS the Report and Recommendation (Dkt. No. 90);
21    (2)    Defendants' Motion to Dismiss (Dkt. No. 39) is GRANTED in part and DENIED in
22           part;
23    (3)    Plaintiff's claims regarding the constitutionality of DOC 450.100 are dismissed without
24           prejudice pursuant to 42 U.S.C. § 1997(e) for failure to exhaust available administrative
25           remedies prior to the filing of this action;

26   ORDER – 2

(4) Plaintiff's claims are dismissed to the extent that such claims accrued prior to July 19, 2001;

(5) Defendants Julia Garret and John Austin are dismissed from this action;

(6) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to the Honorable Mary Alice Theiler.

ORDERED this 19th day of MAY, 2005.

*/s/ John C. Coughenour*
UNITED STATES DISTRICT JUDGE

ORDER – 3