UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK WAYNE CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>DEAN MASON, et al.,<br><br>    Defendants. | CASE NO. C04-1647-JCC-MAT<br><br>ORDER RE: SUPPLEMENTAL COMPLAINT |

Plaintiff has filed a motion for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). (Dkt. #102). Plaintiff seeks to allege additional violations of his civil rights which occurred after he filed the original complaint in this matter. Before addressing the motion, the court will briefly summarize the proceedings thus far in this case:

On July 19, 2004, plaintiff submitted a *pro se* complaint in this action pursuant to 42 U.S.C. § 1983. (Dkt. #1). On October 8, 2004, in lieu of filing an answer to plaintiff's complaint, defendants moved to dismiss the complaint. (Dkt. #39). On March 31, 2005, United States Magistrate Judge Mary Alice Theiler issued a Report & Recommendation, recommending that defendants' motion to dismiss be granted in part and denied in part. (Dkt. #90). On May 19, 2005, the court adopted Judge Theiler's Report & Recommendation. (Dkt. #96).

On May 20, 2005, Judge Theiler directed defendants to file an answer addressing the claims that were still pending after the court's ruling on defendants' motion to dismiss. (Dkt.

ORDER RE: SUPPLEMENTAL COMPLAINT
PAGE -1

#98). On June 20, 2005, defendants filed their answer. (Dkt. #100). However, three days *before* defendants filed their answer, plaintiff had filed the instant motion for leave to file a supplemental complaint, along with a proposed supplemental complaint. (Dkt. #102). Defendants did not file a timely response to the motion, even though they filed a stipulated notice renoting the instant motion for July 15, 2005. (Dkt. #104) . Instead, on July 27, 2005, defendants filed a motion for an extension of time to file a response (Dkt. #106), along with a response. (Dkt. #108). Having considered plaintiff's motion to supplement his complaint and defendants' motion for an extension of time to file a response, the court does hereby find and ORDER as follows:

(1) Because defendants' motion for an extension of time was filed twenty days after a response was due, the motion must demonstrate "excusable neglect" to justify the late filing. Fed. R. Civ. Pro. 6(b). Mere inadvertence or a mistaken belief on the part of an attorney is not sufficient to show "excusable neglect." *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929-30 (9th Cir. 1994).

Here, counsel for defendants states that "due to miscommunications in my office, I inadvertently failed to file a [timely] response . . . ." (Dkt. #107 at 1). This excuse does not constitute excusable neglect, and accordingly, defendants' motion for an extension of time to file a response (Dkt. #106) is DENIED.[1]

(2) Plaintiff's motion for leave to file a supplemental complaint (Dkt. #102) is GRANTED. "Decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based upon the same factors of fairness courts weigh when considering motions to amend pleadings under [Federal Rule of Civil Procedure] Rule 15(a)." Steven Baicker-McKee, *Federal Civil Rules Handbook* 434 (2005), *citing Klos v. Haskell* , 48 F.3d 81 (2nd Cir. 1995).

---

[1] The court notes that defendants object to the supplemental complaint on several grounds. One of these grounds – that plaintiff's claims cannot stand as independent claims but are cognizable only as retaliation claims – has been previously addressed by the court. *See* Dkt. #90 at 17-19. The second objection – that two of the new defendants are shielded by immunity – is addressed *sua sponte* by the court in this Order. *See infra* at 3-4.

Considering plaintiff's motion under the standard that governs Federal Rule of Civil Procedure Rule 15(a) ("Rule 15(a)"), the court concludes that leave to supplement should be granted.

Rule 15(a) states: "A party may amend the party's pleading *once as a matter of course at any time before a responsive pleading is served . . . .*" Fed. R. Civ. Pro. 15(a) (emphasis added). Because plaintiff filed the motion and proposed complaint three days before defendants filed their responsive pleading, *i.e*, their answer, plaintiff would not have been required under Rule 15(a) to seek the court's permission to file an amended complaint.[2] If plaintiff could have amended his complaint as a matter of right under Rule 15(a), it seems reasonable to allow him to supplement his complaint under Rule 15(d). Accordingly, the Clerk shall FILE plaintiff's proposed supplemental complaint.

(3) In reviewing the amended complaint pursuant to the court's duty under 28 U.S.C. § 1915A, the court notes that plaintiff has named two individuals as defendants who were previously dismissed from this lawsuit: Julia Garret and John Austin. Garret and Austin are both members of the Indeterminate Sentencing Review Board, which functions as a parole board in Washington state. Plaintiff alleges that Garret and Austin violated his constitutional rights when they considered certain evidence, which plaintiff contends was false, at his parole hearing on December 7, 2004. (Proposed Amended Complaint at ¶39). Plaintiff further alleges that Garret and Austin violated his constitutional rights when they refused, at the same hearing, to consider evidence offered by plaintiff which purportedly showed the falsity of the evidence against him. (*Id.* at ¶40).

Defendants Garret and Austin were previously dismissed from this action because the claims against them were barred by the statute of limitations. (Dkt. #90 at 19-20). This time,

---

[2] Even though defendants had filed a motion to dismiss, and the court had ruled on it, before plaintiff sought to amend his complaint, a motion to dismiss is not considered a "responsive pleading" under Rule 15(a) and thus does not cut off the period of time in which a plaintiff may amend a complaint as a matter of right. *See Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198 (9th Cir. 2003).

ORDER RE: SUPPLEMENTAL COMPLAINT
PAGE -3

01 however, the claims against them are not time-barred, as the parole hearing occurred on December

02 7, 2004. Nonetheless, it appears that these defendants should be dismissed because they are

03 protected by quasi-judicial immunity.

04 The Ninth Circuit Court of Appeals has recently clarified the state of the law regarding

05 immunity for parole board members. In *Swift v. California,* 384 F.3d 1184 (9th Cir. 2004), the

06 Ninth Circuit explained:

> The Supreme Court has reserved deciding whether members of state parole boards have absolute quasi-judicial immunity for their official actions. *Martinez v. California,* 444 U.S. 277, 285 n. 11 (1980). We have held, however, that parole board members are entitled to absolute immunity when they perform "quasi-judicial" functions. *Anderson [v. Boyd],* 714 F.2d 906, 909-10 (9th Cir. 1983). Thus, parole board officials . . . are entitled to absolute quasi-judicial immunity for decisions "to grant, deny, or revoke parole" because these tasks are "functionally comparable" to tasks performed by judges. *Sellars,* 641 F.2d at 1303; *Bermudez v. Duenas,* 936 F.2d 1064, 1066 (9th Cir. 1991) (holding *Sellars* immunity encompasses actions "taken when processing parole applications"). Absolute immunity has also been extended to parole officials for the "imposition of parole conditions" and the "execution of parole revocation procedures," tasks integrally related to an official's decision to grant or revoke parole. *Anderson,* 714 F.2d at 909.

14 384 F.3d at 1188-89.

15 Here, the actions that plaintiff complains of – defendants' decisions to consider or not to

16 consider certain evidence – were integrally related to their decision to grant or revoke parole. As

17 such, these actions are shielded from attack under *Swift*, and defendants Garret and Austin are

18 entitled to absolute immunity for these actions. Consequently, plaintiff's claims against them are

19 DISMISSED. In accordance with the remainder of this Order, the Clerk shall arrange for service

20 of the supplemental complaint on the remaining defendants named in the supplemental complaint.

21     (4)    <u>Service by Clerk</u>.

22 The Clerk is directed to send the following to the defendants by first class mail: a copy of

23 the supplemental complaint and of this Order, two copies of the Notice of Lawsuit and Request

24 for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope,

25 postage prepaid, addressed to the Clerk's office.

26 / / /

ORDER RE: SUPPLEMENTAL COMPLAINT
PAGE -4

(5) <u>Response Required</u>.

Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons. If a defendant timely returns the signed Waiver, the defendant shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

If a defendant fails to timely return the signed Waiver, he will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(6) <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Additionally, any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Counsel are directed to the Court's website – <u>www.wawd.uscourts.gov</u> – for a detailed description of the requirements for filing via CM/ECF.

All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original of any document for the Court's consideration. A party filing a paper original does not need to file a chambers copy. <u>All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the Magistrate Judge to whom the document is directed.</u>

(7) <u>Motions</u>.

Any request for court action shall be set forth in a motion, properly filed and served. Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. The argument in support of the motion shall not be made in a separate document but shall be submitted as part of the motion itself. The motion shall include in its caption (immediately below the title of the motion)

ORDER RE: SUPPLEMENTAL COMPLAINT
PAGE -5

the date the motion is to be noted for consideration upon the court's calendar. That date, and deadlines for filing an opposition to the motion and a reply, depend upon the nature of the motion and are governed by rule CR 7(d), which is summarized below.

The following motions shall be noted for consideration on the day they are filed, pursuant to local rule CR 7(d)(1): Stipulated and agreed motions, motions to file overlength motions or briefs, motions for reconsideration, joint submissions pursuant to the optional procedure established in CR 37(a)(2)(B), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared. **All other non-dispositive motions** shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* Local Rule CR 7(d)(3)(2005). **All dispositive motions** shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. (*Id.*)

No opposition need be filed to the motions specifically identified in the first sentence of the preceding paragraph. Briefs and affidavits in opposition to any other motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the date designated for consideration of the motion. If a party fails to file and serve timely an opposition to a motion, the court may deem any opposition to be without merit. *See* Local Rule CR 7(b)(2) (2005). Any reply papers shall be filed and served no later than the noting date. *See* Local Rule CR 7(d)(3) (2005).

(8) The Clerk is directed to send a copy of this Order to plaintiff, to counsel for defendants, and to the Honorable Mary Alice Theiler.

DATED this 4th day of August, 2005.

/s/ John C. Coughenour
JOHN C. COUGHENOUR
United States District Judge

ORDER RE: SUPPLEMENTAL COMPLAINT
PAGE -6

01 Recommended for Entry
this  2nd  day of August, 2005.

02

 s/ Mary Alice Theiler 
03 United States Magistrate Judge

ORDER RE: SUPPLEMENTAL COMPLAINT
PAGE -7