01
02
03                    UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
04                              AT SEATTLE

05 | MARK WAYNE CLARK,           ) CASE NO. C04-1647-JCC-MAT
                                 )
06 |     Plaintiff,              ) ORDER DENYING PLAINTIFF'S
                                 ) MOTION FOR LEAVE TO CONDUCT
07 |     v.                      ) MORE THAN TEN DEPOSITIONS;
                                 ) GRANTING IN PART DEFENDANTS'
08 | DEAN MASON, et al.,         ) MOTION FOR PROTECTIVE ORDER;
                                 ) GRANTING PLAINTIFF'S MOTION
09 |     Defendants.             ) FOR EXTENSION OF TIME
   |_____)

10

11   Plaintiff filed this civil rights lawsuit two years ago, alleging that actions taken by 35

12 employees of the Washington Department of Corrections amounted to a "campaign of retaliation"

13 against him. (Doc. #180 at 3). The case currently is in the discovery phase. Presently before the

14 court are plaintiff's motion to conduct more than ten depositions (Doc. #180), plaintiff's motion

15 to extend the discovery deadline by 60 days (Doc. #183), and defendants' motion for a protective

16 order (Doc. #185). Defendants have filed responses to plaintiff's motions (Doc. #182, #184), and

17 plaintiff, after receiving an extension of time from the court, filed a reply and a response (Docs.

18 #188, #189). Having considered the motions and responses, and the balance of the record, the

19 court does hereby find and ORDER as follows:

20   (1)   Federal Rule of Civil Procedure 30(a)(2)(A) ("Rule 30(a)") states, in pertinent part:

21 "A party must obtain leave of court, which shall be granted to the extent consistent with the

22 principles stated in Rule 26(b)(2), if . . . a proposed deposition would result in more than ten

depositions being taken under this rule or Rule 31 . . . ." Fed. R. Civ. P. 30(a)(2)(A). Plaintiff argues that he needs to exceed the ten deposition limit imposed by Rule 30(a) and be permitted to conduct 25 more depositions, because the responses thus far by defendants to his discovery requests have been evasive or incomplete. (Doc. #180 at 2). In addition, plaintiff asserts that "[o]n the grounds of fairness, the Court should allow the Plaintiff to question each defendant he believes are [sic] crucial to his need to prove that retaliation was in fact the motivating factor behind the Defendants questionable actions . . . ." (*Id*. at 3).

In setting a presumptive limit of ten depositions, Rule 30(a) is designed to reduce litigation costs by restricting the use of one of the more expensive forms of discovery. *See In Re At Home Corp*., 2005 WL 289976 at *3 (N.D. Cal. 2005). In considering whether to permit a party to exceed the ten deposition limit, the court is directed by Rule 30(a) to the principles contained in Rule 26(b)(2) ("Rule 26(b)"). Rule 26(b) states, in pertinent part, that discovery should be limited if the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

In addition, courts have held that a party seeking more than ten depositions must make a particularized showing of why the additional discovery is necessary. *See, e.g., In re Air Crash at Taipei,* 2003 U.S. Dist. LEXIS 23220 (C.D. Cal. 2003). Unless the movant can show a good

ORDER RE: DISCOVERY MOTIONS
PAGE -2

reason for exceeding the limit, leave to conduct more than 10 depositions should be denied. *See Bell v. Fowler*, 99 F.3d 262, 272 (8th Cir. 1996).

Applying these principles to the matter at hand, the court finds that plaintiff fails to make an adequate showing to justify exceeding the limit of ten depositions. First, plaintiff attempts to make a particularized showing as to the need for additional depositions by listing each defendant he seeks to depose accompanied by the reason justifying the proposed deposition. (Doc. #188 at 2-4). However, plaintiff's explanation for each proposed deposition consists only of the same phrase repeated 22 times – that he needs to depose the particular person to establish the intent behind their actions and to confront them about evasive answers to interrogatories. These explanations consequently are not very compelling, nor does plaintiff offer anything to support his own subjective view that defendants' answers to interrogatories have been evasive.

Second, plaintiff argues generally that conducting additional depositions would allow him to ferret out the truth by confronting defendants with "documents, the logic of circumstances, and surprise questions." (Doc. #188 at 8). Plaintiff dismisses defendants' suggestion that instead of more depositions, plaintiff should file a motion to compel defendants to answer more responsively, calling such a proposal "ridiculous[,] as that process would be quite daunting for the Defendants, the Plaintiff, as well as the Court." (*Id.*) However, plaintiff ignores or minimizes the burden that additional depositions would create for defendants, who would bear the complete costs of such depositions as well as spend significant time scheduling and arranging for them. (*See, e.g.*, Doc. #187, Attachments).

Therefore, the court finds that plaintiff's request to conduct an additional 25 depositions is unreasonably cumulative and the burden of the additional depositions outweighs their likely

ORDER RE: DISCOVERY MOTIONS
PAGE -3

benefit. Accordingly, plaintiff's motion for leave to conduct more than ten depositions (Doc. #180) is DENIED.

(3) Defendants seek a protective order under Fed. R. Civ. P. 30(b)(7) that would limit plaintiff to conducting depositions telephonically, as opposed to in person. (Doc. #187). None of the five defendants whom plaintiff seeks to depose in person live or work near the institution where plaintiff is incarcerated. (Doc. #187 at 3). In addition, one defendant is in poor health. (*Id.*, Exhibit 1, ¶9). Plaintiff argues, similar to his argument above, that he must depose these defendants in person so that he can better assess their credibility and confront them if they answer evasively. (Doc. #189 at 11).

While the court recognizes that in-person depositions have advantages over telephonic depositions, given the burden on defendants to arrange, schedule, pay for, and travel to any in-person depositions, the court hereby GRANTS in part defendants' motion for a protective order. Plaintiff shall be permitted to conduct in-person depositions of the three defendants who are employees of the Department of Corrections (Bustanoby, Carsrud, and Dahlbeck). The two remaining defendants (Alstehdt and Leeberg) may be deposed telephonically.

(4) As stated in their response to plaintiff's motion for additional time to conduct discovery, defendants do not object "to an extension of the discovery deadline for 60 days in order to complete depositions in this matter." (Doc. #184 at 1). Therefore, plaintiff's motion for a 60-day extension of time to complete discovery (Doc. #183) is GRANTED. The various deadlines set forth in the court's previous scheduling Order (Doc. #179) are hereby extended by 60 days.

/ / /

/ / /

(5)     The Clerk is directed to send a copy of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 22nd day of August, 2006.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

ORDER RE: DISCOVERY MOTIONS
PAGE -5