UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK WAYNE CLARK,        ) | CASE NO. C04-1647-JCC-MAT |
|                          ) | |
| Plaintiff,               ) | |
|                          ) | ORDER DENYING PLAINTIFF'S |
| v.                       ) | MOTION FOR RECONSIDERATION |
|                          ) | OF ORDER DENYING LEAVE TO |
| DEAN MASON, et al.,      ) | CONDUCT MORE THAN TEN |
|                          ) | DEPOSITIONS |
| Defendants.              ) | |
|                          ) | |

On August 23, 2006, the court issued an Order that denied plaintiff's motion for leave to conduct more than ten depositions. (Dkt. #191). The Order also granted plaintiff's motion to extend discovery deadlines and granted in part defendants' motion for a protective order. On September 8, 2006, plaintiff filed a motion for an extension of time to file a motion for reconsideration of the denial of his motion to conduct more than ten depositions.[1] (Dkt. #193).

---

[1] Although the motion for an extension of time appears to be untimely, under the "prison mailbox rule," a document submitted by a prisoner is deemed to be filed the day the document is delivered to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's motion for an extension of time was signed, and presumably delivered to prison authorities, on September 6, 2006, making it fall within the 10-day limit for motions for reconsideration. *See* Local Rule CR 7(h)(2); Fed. R. Civ. P. 6(a).

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
PAGE -1

The Court granted the motion for an extension of time and plaintiff thereafter filed the instant motion for reconsideration. (Dkt. #195). Having considered the motion and the balance of the record, the court does hereby find and ORDER as follows:

(1)     In denying plaintiff's motion for leave to conduct more than ten depositions, the court found that plaintiff had failed to make a "particularized showing as to the need for additional depositions," and that plaintiff also discounted the burden that additional depositions would present to defendants, who must pay and arrange for all depositions due to plaintiff's status as an incarcerated litigant. (Dkt. #191 at 3). Accordingly, the Court concluded that the burden of the additional depositions outweighed their benefit and denied plaintiff's motion.

Local Rule CR 7(h)(1) sets forth the standard for motions for reconsideration: In order to prevail, the movant must show either "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rule CR 7(h)(1). Plaintiff does not attempt to meet either prong of this standard. Instead, he claims that (1) before he filed the motion, he was unable, due to an inadequate law library, to read the cases that discuss the standard that governs motions for leave to conduct more than ten depositions; (2) as a consequence, his prior motion contained inadequate information; and (3) he is willing now to supplement his prior motion with additional information, if the court will grant him additional time "to provide the Court with detailed explanation as to why those defendants need to be deposed." (Dkt. #193 at 9). In addition, plaintiff states that instead of the 25 additional depositions he originally considered necessary to conduct, he can now make do with only 8. (*Id.*)

Plaintiff's argument is unavailing. Although *pro se* pleadings must be interpreted liberally,

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
PAGE -2

*pro se* litigants are not exempt from procedural or substantive requirements. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling). Accordingly, plaintiff's contention that his earlier motion was deficient due to constraints imposed by his *pro se* status, lacks merit. Moreover, it is arguable that even though plaintiff did not have access to the cases cited by the Court in its Order of August 23, 2006, plaintiff did have access to the applicable Federal Rules of Civil Procedure, from which he could have inferred the need to explain precisely why he needed to exceed the ten-deposition limit.[2] *See* Fed. R. Civ. P. 30(a) and 26(b).

        Plaintiff makes two additional arguments as to why the Court should reconsider its prior Order. First, plaintiff contends that, notwithstanding his lack of familiarity with the case law governing motions for leave to exceed the ten-deposition limit, he included sufficient explanations in the Declaration he filed in conjunction with the motion. However, the Declaration repeats much of the same explanations that plaintiff offered in the motion – *i.e.*, that he needed to depose a particular person to establish that person's intent or to confront them about evasive answers to interrogatories. (Dkt. #188, Declaration at 2-11). As the Court noted earlier, these explanations are not very compelling because plaintiff offers nothing to support his own subjective view that defendants' answers to interrogatories have been evasive. (Dkt. #191 at 3).

        Second, plaintiff argues that if he is unable to depose additional individuals, he may be

---

[2] In addition, the Court notes that even now, plaintiff still does not provide more information or argument to make this showing, despite the fact that he concedes he is now aware of the requirement. Instead, he requests additional time to make the showing and does not offer any explanation as to why more time is necessary.

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
PAGE -3

01 forced to withdraw some of his claims and re-file them in a separate lawsuit, which would thwart

02 judicial economy. (Dkt. #195 at 8-9). Besides being speculative, this argument is clearly one that

03 could have been raised in the original motion for leave to conduct more than ten depositions.

04 Accordingly, it is not grounds for granting the motion for reconsideration. *See* Local Rule CR

05 7(h)(1) ("The court will ordinarily deny [a motion for reconsideration] in the absence of a showing

06 of . . . new facts or legal authority *which could not have been brought to its attention earlier with*

07 *reasonable diligence*.") (emphasis added).

08 For the foregoing reasons, plaintiff's motion for reconsideration (Dkt. #195) is DENIED.

09 (2) The Clerk is directed to send a copy of this Order to plaintiff, to counsel for

10 defendants, and to the Honorable John C. Coughenour.

11 DATED this 29th day of September, 2006.

12

13 _____
Mary Alice Theiler
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
PAGE -4