01

02

03

04                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
05                               AT SEATTLE

06   MARK WAYNE CLARK,                    )      CASE NO. C04-1647-JCC-MAT
                                          )
07            Plaintiff,                   )
                                          )
08       v.                                )
                                          )      ORDER RE: MOTIONS
09   DEAN MASON, et al.,                   )
                                          )
10            Defendants.                  )
     _____      )

11

12          Plaintiff, a Washington state prisoner, is proceeding *pro se* and *in forma pauperis* in this

13   action brought pursuant to 42 U.S.C. § 1983.  Currently before the court are defendants' motion

14   for a protective order (Dkt. #204), and three motions filed by plaintiff: a motion for stenographic

15   services (Dkt. #221), a motion for reconsideration (Dkt. #220), and a motion for "emergency

16   court intervention."  (Dkt. #224).   In addition, plaintiff recently filed a motion to compel

17   discovery, which is noted for consideration on February 16, 2007.[1] (Dkt. #226).  The parties have

18   filed responses to each of these motions, with the exception of plaintiff's emergency motion, to

19   which defendants have not filed a response.[2]  Having considered the motions, responses, and the

20   _____

21          [1] Plaintiff's motion to file an overlength brief in support of the motion to compel (Dkt.
     #228) is hereby GRANTED.

22          [2] The emergency motion was noted by plaintiff for consideration on the date that it was
     filed, January 22, 2007.  (Dkt. #224).  The Local Rules do not provide a specific noting date for

ORDER RE: MOTIONS
PAGE -1

01 | balance of the record, the court does hereby find and ORDER as follows:

02 |       (1)     In his motion for reconsideration, plaintiff seeks a further extension of time to file

03 | a response to defendants' pending motion for summary judgment, and also seeks an order un-

04 | sealing certain exhibits filed by defendants in support of their motion for summary judgment.

05 | (Dkt. #220).  Defendants filed their summary judgment motion on December 13, 2006, and it was

06 | originally noted for consideration on January 5, 2007.  (Dkt. #208).  The Order challenged by

07 | plaintiff in his motion for reconsideration was issued by the court on December 27, 2006.  (Dkt.

08 | #213).  In that Order, the court granted plaintiff a 70-day extension of time, which was half of the

09 | amount of time requested by plaintiff ( *see* Dkt. #212), and set defendants' motion for

10 | consideration on March 12, 2007.

11 |       Plaintiff now asserts that in order to properly respond to defendants' pending motion for

12 | summary judgment, he must transcribe audiotapes of the depositions he conducted, which is a

13 | slow process.  Plaintiff asks that the due date for his response to defendants' summary judgment

14 | motion be extended to May 7, 2007.  (Dkt. #220 at 5).  In addition, plaintiff also argues in his

15 | motion for reconsideration that he needs this extension in order to (A) file a motion to compel; and

16 | (B) depose a non-defendant, Julia Garret. (Dkt. #220, at 6-8).

17 |       Defendants state in their response to plaintiff's motion for reconsideration that they do not

18 | oppose granting plaintiff additional time to prepare his response to their pending motion for

19 | summary judgment.  (Dkt. #225 at 2).  Surprisingly, defendants do not address a troublesome

20 | issue that underlies plaintiff's request for additional time: the accuracy and admissibility of

21 | 

22 | emergency motions.  *See* Local Rule CR 7.  Accordingly, by default, the emergency motion should have been noted for the third Friday after it was filed, or February 9, 2007.  *See* Local Rule CR 7(d)(3).

ORDER RE: MOTIONS
PAGE -2

01  plaintiff's own transcription of the deposition testimony.  Unlike a court reporter's transcription,

02  plaintiff's own transcription would not be an official record of the deposition testimony and

03  therefore would not be admissible in court, nor even as part of a response to defendants' summary

04  judgment motion.  Consequently, granting plaintiff additional time to prepare the transcripts would

05  not aid his cause.  It seems that at this stage, plaintiff's only option, if he wants to refer to portions

06  of the deposition testimony in his response to defendants' summary judgment motion, would be

07  to present such testimony through his own affidavit, attesting to the fact that a particular deponent

08  made a particular statement.  Defendants would, of course, then be free to dispute the accuracy

09  of plaintiff's affidavit by citing to their own transcript of the deposition.[3]

10      Therefore, because it would not help him prepare his response to the pending summary

11  judgment motion, the court DENIES in part plaintiff's request for a further extension of time.

12  Recognizing that he has expended valuable time disputing this issue, the court GRANTS plaintiff

13  two additional weeks to file his response.  Plaintiff's response is now due no later than **March 26,**

14  **2007.**  The Clerk shall RENOTE defendants' motion for summary judgment for consideration on

15  **March 30, 2007.**  No further extensions shall be granted absent extraordinary circumstances.

16      (2)      Regarding plaintiff's request to un-seal the exhibits filed by defendants in support

17  of the motion for summary judgment, defendants state in their response to plaintiff's motion for

18  reconsideration that they have no objection to un-sealing the exhibits.  (Dkt. #225 at 2-3).

19  Defendants' sole concern is the distinction that plaintiff makes between certain exhibits and others,

20  which plaintiff argues should remain sealed because they are his own artwork and that,

21

22

---

[3] The court presumes that defendants had the deposition testimony preserved by a court reporter and that they have prepared their own transcripts, or are at least capable of doing so.

ORDER RE: MOTIONS
PAGE -3

01  consequently,  he should be able to control who views them.  (Dkt. #216 at 12).  Defendants

02  contend that plaintiff's desires as an artist are not relevant to the question of whether the

03  documents should be available for public viewing.

04      The court agrees with defendants that plaintiff's artistic interest in controlling who may

05  view his artwork is not relevant when, as here, the artwork is the subject of a lawsuit.  In addition,

06  the court will not engage in a comparison of the various exhibits, which are voluminous, to

07  determine whether their similarity should compel equal treatment.  In sum, plaintiff has not shown

08  that the original Order sealing the exhibits was in manifest error, and therefore, the court DENIES

09  that part of plaintiff's motion for reconsideration that requests that the exhibits be un-sealed.

10      (3)    Plaintiff's motion for stenographic services (Dkt. #221) is DENIED.  The

11  expenditure of public funds on behalf of an indigent litigant is proper only when authorized by

12  Congress.  *See Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).  The *in forma pauperis* statute, 28

13  U.S.C. § 1915, does not authorize the expenditure of public funds for the purpose of providing

14  stenographic services.

15      (4)    Plaintiff's emergency motion for "court intervention" essentially reiterates the same

16  arguments made by plaintiff in his motion for reconsideration regarding his need for additional time

17  and his need to depose Julia Garret.  Plaintiff's request to depose Julia Garret is opposed by

18  defendants on the grounds that the period for discovery expired in October, 2006, and that, in

19  addition, plaintiff has not complied with Rule 45 of the Federal Rules of Civil Procedure,

20  governing the service of subpoenas.  (Dkt. #219 at 2).  In particular, defendants point out that

21  plaintiff has not personally served Ms. Garret with a subpoena, together with witness and mileage

22  fees.  (Dkt. #219 at 2).  Ms. Garret, the court notes, has been served by mail with a subpoena, as

ORDER RE: MOTIONS
PAGE -4

01   were the other witnesses whom plaintiff deposed.  (Dkt. #224, Ex. H).

02          Plaintiff responds to defendants' arguments by reciting at length his efforts to depose Ms.

03   Garret and his numerous attempts to communicate with counsel for defendants on this matter.[4]

04   (Dkt. #224 at 1-8).  Plaintiff further asserts that because all of his depositions in this case have

05   been conducted over the telephone, that mileage and witness fees are not necessary.  (Dkt. #224

06   at 8-9).  Defendants have not responded to these particular assertions by plaintiff.

07          In light of plaintiff's efforts to depose Ms. Garret in the past, the difficulties posed by his

08   *pro se* status, and the importance of rapidly concluding all discovery matters in this case,

09   defendants are directed to assist plaintiff in setting up the telephonic deposition of Ms. Garret, to

10   occur within 14 days from the date of this Order.

11          (5)    In their motion for a protective order, defendants argue that Ms. Garret, as a

12   member of the Indeterminate Sentence Review Board ("ISRB"), is protected by quasi-judicial

13   immunity and accordingly, should not be made to answer questions by plaintiff about her reasons

14   for denying plaintiff parole in the past.  (Dkt. #204 at 3).  Rather, defendants contend that Ms.

15   Garret may be asked only "fact questions about what was received or what actions were taken by

16   the ISRB."  (*Id.*)

17          However, defendants cite no authority for the proposition that Ms. Garret's immunity from

18   suit extends to immunity from testifying.  In addition, if certain questions posed by plaintiff are

19   viewed as improper by defendants, they may follow the usual practice of objecting on the record

20

21       [4] Plaintiff also contends that the court should not consider defendants' argument because
their response was filed too late.  (Dkt. #224 at 5).  In making this argument, however, plaintiff
misapprehends how time is computed under the Federal Rules of Civil Procedure.  *See* Fed. R.

22   Civ. P. 6(a).  Under these rules, defendants' response was timely and will be considered by the
court.

ORDER RE: MOTIONS
PAGE -5

01 and later having that objection considered by the court, if necessary.   For these reasons,

02 defendants' motion for a protective order (Dkt. #204) is DENIED.

03       (6)    The Clerk is directed to send a copy of this Order to plaintiff, to counsel for

04 defendants, and to the Honorable John C. Coughenour.

05       DATED this <u>12th</u> day of February, 2007.

06

07 Mary Alice Theiler
United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER RE: MOTIONS
PAGE -6