UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK WAYNE CLARK,

　　　　　Plaintiff,

　　v.

DEAN MASON, et al.,

　　　　　Defendants.

CASE NO. C04-1647-JCC

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

The Court, having reviewed the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, any objections thereto, and the balance of the record, does hereby find and ORDER:

(1) The Court adopts the conclusions of the R&R (Dkt. No. 257); because two issues warrant further discussion, the Court addresses them below.

(2) Defendants' motion for summary judgment (Dkt. No. 208) is construed as a motion for partial summary judgment. So construed, the motion is GRANTED;

(3) Plaintiff's claims are DISMISSED with prejudice, except for his claim that defendants retaliated against him by losing or destroying his property in retaliation for his protected activities; and

(4) The Clerk is directed to send copies of this Order to plaintiff, to counsel of record, and to Judge Theiler.

ORDER – 1

As stated above, the Court adopts the conclusions of the R&R in their entirety, granting Defendants' motion for partial summary judgment. However, there are two aspects of the R&R that warrant further comment: (1) The status of the Plaintiff's independent First Amendment free expression claims in light of the fact that evidence of the confiscated materials does exist on the record; and (2) The disposition of the Plaintiff's retaliation claim arising from allegedly false classification reports.

**1.     Denial of First Amendment Right to Freedom of Expression**

The Plaintiff alleges that through numerous instances of prison officials seizing his artwork and refusing to return it to him, Defendants have deprived him of his First Amendment rights. (Amend. Compl. ¶ 58 (Dkt. No. 112 at 16).) The facial validity of the regulation on which these actions were based, DOC Policy 450.100, has already been upheld and thus is not in question. *See Powell v. Riveland*, 991 F. Supp. 1249, 1254 (W.D. Wash. 1997). Consequently, the R&R identifies Plaintiff's claim as an "as-applied challenge" to the actions of the prison officials carrying out the DOC policy. *See Hargis v. Foster*, 282 F.3d 1154, 1157–58 (9th Cir. 2002) (prisoner may challenge whether his or her speech fits within the regulation in question). Nevertheless, the R&R determined that the relevant artwork had "either been lost or destroyed" and therefore the Court could not review "whether defendants properly applied their own regulations." (R&R 5 (Dkt. No. 257).)  Therefore, the Magistrate Judge concluded that Plaintiff had failed to carry his burden in opposing summary judgment and recommended that the Defendants' motion be granted as to this claim. (R&R 6 (Dkt. No. 257).)

Upon reviewing the record, it appears that several photocopies and/or subsequent renderings of Plaintiff's artwork are in fact contained within the voluminous body of exhibits submitted in the case. For example, Plaintiff has attached a subsequent sketching and a photocopy of the magazine photo from which his drawing, "Woman Admiring Man," was traced. (Dkt. No. 252–3 at 54). This drawing was seized on April 17, 2002 and is part of Plaintiff's independent First Amendment claims. With regard to the October 16, 2002 infraction involving four pictures alleged by correctional officers to depict minors in stages of undress, copies of the pictures can also be found in the record.  (Dkt. No. 252–2 at 33); (Dkt.

ORDER – 2

No. 252–7 at 12-13); (Dkt. No. 252–2 at 61). Copies of additional material allegedly confiscated and destroyed is also contained in the record. (Dkt. No. 210 at 30).

Given the general state of disarray in which Plaintiff has filed his voluminous body of exhibits, it is understandable that some of its contents might be missed. However the fact that Plaintiff's artwork does appear on the record means that his as-applied First Amendment claims merit further discussion than what was contained in the R&R. With regard to his independent First Amendment claims, Plaintiff's theory is that in the context of an as-applied challenge, the central question is whether his artwork was in violation of the governing DOC policy. (Pl.'s Opp. (Dkt. No. 252 at 42).) Conversely, Defendants argue that a prisoner's rights are not defined by prison regulations, even in an as-applied challenge, but rather by the contours of the First Amendment itself. (Defs.' Mot. for Summ. J. (Dkt. No. 208 at 23–26).)

In *Turner v. Safley*, the Supreme Court explained that a prison regulation that infringes upon an inmate's First Amendment rights is "valid if it is reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). While this was in the context of a facial First Amendment challenge, the Ninth Circuit has held that "[t]he *Turner* analysis applies equally to facial and 'as applied' challenges." *See Bahrampour v. Lampert*, 356 F.3d 969, 975 (9th Cir. 2004) (citing *Morrison v. Hall*, 261 F.3d 896, 905, 907 (9th Cir. 2001).) In *Hargis v. Beauchamp*, 312 F.3d 404 (9th Cir. 2002), the Ninth Circuit used this approach to decide an as-applied claim made by a prisoner plaintiff opposing summary judgment. The case involved an Idaho state prison "coercion regulation," under which the plaintiff was sanctioned for his communication with a prison guard. The court explained its analysis as follows: "In conducting the as-applied analysis, we must determine whether there is a genuine dispute as to whether Hargis's statements in fact implicated legitimate security concerns." *Id.* at 410. The plaintiff introduced evidence indicating that the nature of his communication was not in the least bit coercive. *Id.* at 410–11. Consequently, the court found that summary judgment for the defendants was inappropriate, since "a jury could reasonably conclude that the prison officials acted unreasonably in characterizing Hargis's statements as an attempt to coerce Beauchamp into not enforcing the [prison] rule." *Id.* at 411.

ORDER – 3

From the foregoing, it is apparent that the First Amendment analysis proffered by Plaintiff here is mistaken as a matter of law. Plaintiff devotes a substantial portion of his briefing to the question of whether his artwork was in fact within the ambit of the governing DOC policy, casting the Court's inquiry as one that would essentially decide how well the prison officials applied their own policy. (Pl. Opp. (Dkt. No. 252 at 42).) This is not the standard for deciding whether Plaintiff's constitutional rights have been violated. Rather, as *Hargis* and *Bahrampour* attest, the proper question is whether in the particular circumstances of Plaintiff's case, prison officials had legitimate reasons to apply the governing regulation, independent of whether the regulation was ultimately deemed violated. In the posture of a motion for summary judgment, the question is whether a jury could reasonably conclude that prison officials acted unreasonably in applying the DOC policy to the Plaintiff's artwork in light of the asserted penological interests.

After reviewing the copies of Plaintiff's artwork appearing in the record, as well as Plaintiff's own characterization of various confiscated items, taken in their most favorable light, the Court concludes that no reasonable jury could find that prison officials here acted unreasonably in applying DOC policy 450.100. As a threshold matter, there can be no doubt that proscribing sexually explicit material is well within the recognized authority of prison officials. *See, e.g.*, *Mauro v. Arpaio*, 188 F.3d 1054 (9th Cir. 1999) (upholding an Arizona prison regulation prohibiting sexually explicit material); *Powell v. Riveland*, 991 F. Supp. 1249 (W.D. Wash. 1997) (specifically upholding the constitutionality of DOC Policy 450.100). The Defendants have cited several valid penological interests implicated by prisoner access to sexually explicit materials. (Defs.' Mot. for Summ. J. (Dkt. No. 208 at 16–18).)

Furthermore, Plaintiff's scrupulous attention to the nuances of his drawings, the minutiae of pictorial domination, and whether or not a particular representation shows someone who has reached the age of consent, only demonstrates the difficult task that prison officials face in applying a murky standard in service of a legitimate interest. Under these circumstances, and based on the Court's review of the available evidence, making all inferences in favor of the Plaintiff, there is no genuine dispute about

ORDER – 4

whether Plaintiff's artwork implicated the valid penological interest in proscribing sexually explicit material, or whether the Defendants' actions in confiscating the materials was reasonable, even if upon further scrutiny they were not deemed to violate DOC policy.[1] Unlike in *Hargis*, where the plaintiff introduced evidence that flatly contradicted the defendants' characterization of the encounter, Plaintiff here simply demonstrates that his artwork was continually skirting the line demarcating acceptable prisoner material, and therefore undoubtedly implicated DOC policy, even if it did not always violate it. The confiscation of Plaintiff's artwork, being reasonably related to legitimate penological interests, does not give rise to a First Amendment violation and therefore the Court ADOPTS the conclusion of the R&R and GRANTS the Defendants' partial summary judgement with respect to Plaintiff's independent First Amendment free expression claims.

**2.      Retaliation by Providing False or Misleading Classification Reports**

Plaintiff alleges that Defendants engaged in an ongoing campaign of retaliation against him. One such instance allegedly involved false or misleading classification reports which subsequently sabotaged Plaintiff's parole hearings. In the R&R, the Magistrate Judge made a finding, *sua sponte*, that these claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Admittedly this is a brief summary of a complex body of law. Therefore, the Court takes this opportunity to add that prevailing Ninth Circuit and Supreme Court precedent affirm the Magistrate Judge's analysis of the Plaintiff's claim. In particular, the theory that a parole hearing officer was improperly biased has been found to fall squarely within the proscription of the *Heck* doctrine. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (finding that a plaintiff's claim of procedural defects in his parole hearing included allegations of deceit and bias by the decisionmaker, and therefore necessarily implicated the validity of the hearing itself); *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (holding that a plaintiff's claim of due process violations arising from the consideration of false information in his prison file which led to a finding that

---

[1] The alleged destruction of constitutionally protected material is a separate matter, and constitutes the "hanging claim" currently under consideration by the Court.

ORDER – 5

he was ineligible for parole was barred by the *Heck* doctrine). Therefore, the Court ADOPTS the R&R with respect to all claims that are premised upon alleged retaliation, and accordingly GRANTS the Defendants' motion for partial summary judgment.

SO ORDERED this 20th day of August, 2007.

/s/ John C. Coughenour
John C. Coughenour
United States District Judge

ORDER – 6