1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK WAYNE CLARK,

          Plaintiff,

    v.

DEAN MASON, et al.,

          Defendants.

CASE NO. C04-1647-JCC

ORDER

Having considered Defendants' motion for summary judgment (Dkt. No. 271), Plaintiff's response (Dkt. No. 274), and all supporting documents contained in the record, the Court hereby finds as follows.

**I.    BACKGROUND**

This is the final outstanding dispute in the lengthy course of litigation between Plaintiff, a state prisoner proceeding *pro se*, and several prison officials with whom he has interacted over the past decade. The early procedural history of the case was recounted in detail in the Report and Recommendation ("R&R") issued by Magistrate Judge Theiler on March 31, 2005 (Dkt. No. 90) and therefore will not be repeated here. Plaintiff alleges that starting soon after his success in another lawsuit against prison officials in 1995, Defendants began to wage an ongoing campaign of retaliation against him. According to

ORDER – 1

1  Plaintiff, while bitterness over his success in that litigation is the genesis of Defendants' retaliatory

2  motives, subsequent clashes over Plaintiff's artwork have engendered further ill will toward him and led

3  to retaliation for his constitutionally protected activity. This latter theory arises from the fact that, on

4  several occasions, Plaintiff's drawings, pictures and curio materials have been deemed a violation of

5  prison regulations that deny prisoner access to sexually explicit material. On some occasions this

6  determination has been later overturned and the items returned to Plaintiff. On others, Plaintiff's property

7  was either lost or destroyed, even when the item in question had been deemed acceptable prisoner

8  material.

9     Plaintiff brought suit under 42 U.S.C. Section 1983, claiming denial of his right to freedom of

10  expression, unlawful retaliation in violation of his First and Fourteenth Amendment rights, denial of due

11  process under the Fourteenth Amendment, and denial of his property and liberty interests. (Compl. ¶¶

12  118-121 (Dkt. No. 6).) On August 20, 2007, this Court adopted the conclusions of Magistrate Judge

13  Theiler's latest R&R, granting Defendants' motion for partial summary judgment. (Order 1 (Dkt. No.

14  275).) The R&R treated the motion as one for partial summary judgment because Defendants had failed

15  to address Plaintiff's claim that certain items not deemed in violation of Department of Corrections

16  ("DOC") policy were nonetheless destroyed in retaliation for the exercise of his First Amendment rights.

17  (R&R 23–24 (Dkt. No. 257).) The Court provided the parties with an opportunity to brief this last

18  remaining claim, which is now the issue before the Court.

19  **II.    ANALYSIS**

20      **A.    Legal standard**

21      Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and

22  admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

23  material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c);

24  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court must draw all reasonable

25  inferences in favor of the nonmoving party. *See F.D.I.C. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th

26  ORDER – 2

1    Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

2          The moving party has the burden of demonstrating the absence of a genuine issue of material fact

3    for trial. *See Anderson*, 477 U.S. at 257. "When the moving party has carried its burden under Rule

4    56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the

5    material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the

6    nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007)

7    (citing *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

8    Conclusory allegations in legal memoranda are not evidence, and cannot by themselves create a genuine

9    issue of material fact where none would otherwise exist. *See Project Release v. Prevost*, 722 F.2d 960,

10   969 (2nd

11   Cir. 1983).

12         In order to support a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he

13   suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the

14   violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*,

15   947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing

16   how individually named defendants caused or personally participated in causing the harm alleged in the

17   complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

18         **B.        Plaintiff's retaliation claim arising from the destruction of property**

19         In his response, Plaintiff attempts to rehash several of the conclusions reached in the R&R and

20   subsequently adopted by the Court. For example, he disputes the current disposition of the case being

21   limited to retaliation, asserting instead that "his loss of property/artwork claims were also based on his

22   denial of First Amendment right to freedom of expression claims." (Pl.'s Resp. 14 (Dkt. No. 274).) To

23   the extent this and any other argument by Plaintiff seeks to revive matters adjudicated in the R&R and by

24   subsequent order of this Court, they will not be considered in the present motion. The sole issue

25   remaining for the Court is whether Defendants are entitled to summary judgment on Plaintiff's claim that

26   ORDER – 3

1   the destruction of property not deemed to violate DOC policy was in retaliation for the exercise of his

2   constitutional rights.

3        Ordinarily, a prisoner's lost or destroyed property (whether the result of negligent or intentional

4   conduct) is insufficient to state a valid §1983 claim so long as the state has an adequate post-deprivation

5   remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Washington has such a remedy. *See* Wash. Rev.

6   Code §§ 4.92.100–110. However if property is confiscated or destroyed in retaliation for protected First

7   Amendment activity, the Ninth Circuit has held that such a claim is cognizable under §1983. *See Rhodes*,

8   408 F.3d 559 (holding that a prisoner did state a valid cause of action for alleging that prison officials

9   confiscated and damaged his property in retaliation for filing prison grievances).

10        In order for a prisoner to establish a claim of First Amendment retaliation, five elements must be

11   satisfied:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of

12   (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

13   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*

14   *v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Furthermore, courts will afford deference to prison

15   officials in evaluating their proffered penological reasons for the alleged retaliatory acts. *Pratt v. Rowand*,

16   65 F.3d 802, 807 (9th Cir. 1995).

17        In their motion for summary judgment, Defendants address one single incident of destroyed

18   artwork involving Defendants Williams and Ahlstedt. With regard to the destruction of Plaintiff's drawing

19   "Woman Admiring Man," which was ultimately deemed in violation of DOC policy, Defendants

20   essentially set forth two lines of argument. First, they recite the governing standard for First Amendment

21   retaliation claims in the prison context with particular emphasis on the deference to be accorded prison

22   officials in the conduct of their official duties. (Mot. for Summ. J. 4–6 (Dkt. No. 271).)  Second, they

23   deny that the destruction of Plaintiff's property was in retaliation for his constitutionally protected

24   activities, asserting instead that the officers "believed in good faith that they were lawfully allowed to

25   discard or destroy the sexually explicit contraband that was held as evidence in Plaintiff's infractions." *Id.*

26   ORDER – 4

1  at 6.

2      Plaintiff responds that Defendants' motion only addresses one loss of property event while

3  Plaintiff has alleged five separate incidents as the basis of his retaliation claim. (Pl.'s Resp. 4–5 (Dkt. No.

4  274).) Furthermore, Plaintiff asserts that three of these incidents involve the loss or destruction of

5  material that was determined non-sexually explicit under DOC policy. *Id.* at 4. Accordingly, Plaintiff

6  maintains that it would be inappropriate to grant the motion where Defendants have not even addressed

7  every incident alleged, let alone any that involve items compliant with DOC policy. Furthermore, Plaintiff

8  asserts that Defendants are not entitled to summary judgment, even with regard to the incident discussed

9  in their motion, because Plaintiff has alleged facts sufficient to show a genuine dispute of material fact as

10 to whether Defendants acted under retaliatory motives. *Id.* at 16–23. Applying his theory of the case to

11 the relevant legal standard, Plaintiff has alleged several occasions in which his property, deemed by prison

12 officials to comply with DOC policy, was nonetheless destroyed because of his protected right to petition

13 the courts as well as because of a distaste for the content of his drawings. Plaintiff alleges that this chilled

14 the exercise of his First Amendment rights in so far as he suffered harm from the loss. *See Pratt*, 65 F.3d

15 at 807. Finally, Plaintiff claims that these actions failed to serve any legitimate correctional purpose.

16     The Court begins by noting that the opportunity to brief this particular set of claims was the result

17 of a determination by the Magistrate Judge that Defendants' motion for summary judgment neglected to

18 address Plaintiff's retaliation claims arising from the destruction of non-sexually explicit material. (R&R

19 24 (Dkt. No. 257).) Consequently, this Court gave Defendants an opportunity to correct this oversight

20 and brief this concise issue according to a separate briefing schedule. (Order 1–2 (Dkt. No. 267).) The

21 Court recites this procedural history now in light of the fact that Defendants have failed to address several

22 incidents of alleged property destruction, including any incidents involving non-sexually explicit material,

23 which was the precise directive of the Court's July 12, 2007 order. *Id.* at 1. Admittedly, Plaintiff's

24 supporting exhibits are in total disarray and his briefing does not make clear which incidents correspond

25 with which legal claims. However, Defendants have also not seen fit to file a reply to Plaintiff's response,

26 ORDER – 5

1  which explains in detail the five incidents that serve as the basis for his retaliation claims. (Pl.'s Resp. 4

2  (Dkt. No. 274).) It is under these circumstances that Defendants move for summary judgment, asserting

3  not just that Plaintiff's claims have no merit, but also that no further factual development is necessary,

4  even with all inferences construed in Plaintiff's favor.

5       Plaintiff asserts that Defendants acted with a retaliatory motive, a claim Defendants deny. Clearly

6  there is a material dispute of fact between the parties, and therefore the issue is whether "the record taken

7  as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott*, 127 S. Ct. at

8  1776.  Defendants are quite right that courts "afford appropriate deference and flexibility to prison

9  officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be

10 retaliatory." *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Defendants are also correct that the

11 Ninth Circuit has held that  "some evidence" of a legitimate penological objective is enough to defeat a

12 retaliation claim on summary judgment. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (finding

13 that the district court properly granted summary judgment on prisoner's claim arising from an allegedly

14 retaliatory reclassification). However, based upon the authority of these cases, Defendants then simply

15 conclude that "Plaintiff cannot demonstrate that Defendants retaliated against him for exercising his

16 constitutional rights." (Defs.' Mot. for Summ. J. 5–6 (Dkt. No. 271).) While this may be a perfectly

17 sound argument on determination of the merits at trial, it is not an adequate showing by the moving party

18 on summary judgment. It is not the Plaintiff's burden at this juncture to conclusively demonstrate

19 retaliation. Rather, Plaintiff must show that, on the record taken as a whole and with all inferences

20 construed in his favor, a rational fact finder could adopt his theory of the case.

21      For their part, Defendants have offered very little to support their contention that this set of

22 claims is amenable to a determination as a matter of law. As noted above, they failed to so much as

23 mention, much less justify, their actions with regard to non-sexually explicit material, which was clearly

24 delineated as the exclusive subject of the present motion. With regard to the one incident they do address,

25 Defendants assert only that the prison officials believed they could lawfully destroy the drawing. (Defs.'

26 ORDER – 6

1   Mot. for Summ. J. 6 (Dkt. No. 271).) Defendants do not claim that such action was in fact consistent

2   with DOC policy, nor do they claim that the destruction of non-sexually explicit material is consistent

3   with DOC policy. The fact that Defendants appear to have repeatedly violated their own policy certainly

4   does not establish a violation of the First Amendment, but it does permit a rational inference that they

5   were acting in retaliation rather than pursuant to any legitimate penological objective. Whereas the prison

6   officials in *Barnett* identified "some evidence" of a legitimate objective, and whereas in this very case the

7   Court concluded that the initial confiscation of the artwork was supported by legitimate penological

8   objectives, Defendants here point to absolutely no purpose whatsoever.[1]

9       Plaintiff has alleged several communications from prison officials indicating retaliation. (Pl.'s

10  Resp. 21–24 (Dkt. No. 274).) He has also identified a number of occasions in which his artwork was

11  deemed acceptable prisoner material and then subsequently destroyed contrary to DOC policy. It may

12  well be that this ultimately proves insufficient to show retaliation, but the Court cannot say at this

13  juncture that construing all inferences in Plaintiff's favor, it would be irrational to draw the opposite

14  conclusion.

15  **III.    CONCLUSION**

16      In sum, Defendants have not carried their burden as the moving party on summary judgment. In

17  the absence of any attempt to address the destruction of Plaintiff's non-sexually explicit material, and the

18  absence of any penological objective served in the one incident that was addressed in Defendants' motion,

19  it would not be irrational for a fact finder to conclude that such action was retaliatory. Accordingly,

20  Defendants' motion for summary judgment (Dkt. No. 271) is DENIED.

21

22

23      [1]This is a fundamentally different situation from the act of confiscating Plaintiff's artwork, which
    was the subject of the Court's order adopting the R&R. (Dkt. No. 275). There the Court held that while
    Defendants may have violated DOC policy by confiscating items subsequently shown to be allowable, this

24  was the product of snap judgments that needed to be made in applying a murky standard pursuant to a
    legitimate penological objective. In this case, at the time Defendants destroyed the artwork they knew

25  that the items were compliant with DOC policy. It could very well be that this was an honest mistake of
    what DOC policy allowed. However it would also not be irrational to view this as evidence of retaliation.

26  ORDER – 7

1    SO ORDERED this 6th day of September, 2007.

2

3

4
                                                   _____
                                                   John C. Coughenour
5                                                  United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER – 8