UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK WAYNE CLARK,

    Plaintiff,

  v.

DEAN MASON, et al.,

    Defendants.

CASE NO. C04-1647-JCC

ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment and Dismissal of Specific Defendants (Dkt. No. 285), Plaintiff's Reply (Dkt. No. 286), and Defendants' Reply (Dkt. No. 287). Having considered the briefing and determined that oral argument is unnecessary, the Court hereby finds and rules as follows.

## I.    BACKGROUND

The background of this case has been set forth in numerous prior orders and therefore will not be repeated here. At this time, the only unresolved issue in the case is Plaintiff's claim that some of his property, which was not deemed to violate Department of Corrections ("DOC") policy, was lost or

ORDER – 1

destroyed in retaliation for the exercise of his constitutional rights. Defendants filed a motion for summary judgment on this issue, (Defs.' Mot. (Dkt. No. 271)), which the Court subsequently denied. (Order (Dkt. No. 279).) In that Order, the Court found that Defendants had not carried their burden as a moving party on summary judgment by failing to address specific episodes identified by Plaintiff on numerous occasions, including in his response brief. (*Id*. at 7.) On October 25, 2007, the Court issued a Minute Order stating that any further dispositive motions in this matter had to be filed by December 7, 2007. (Dkt. No. 284.) Prior to that deadline, Defendants filed the present Motion for Summary Judgment, which under the local rules, took a noting date of January 4, 2008. LOCAL CIVIL RULE 7(d)(3). Plaintiff appears to have mailed his response brief on January 7, 2008, after which it was filed on January 8, 2008. (Dkt. No. 286.) Defendants then filed their reply. (Dkt. No. 287.)

## II.     DISCUSSION

### A.     Legal Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the nonmoving party. *See F.D.I.C. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007) (citing *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Conclusory allegations in legal memoranda are not evidence, and cannot by themselves create a genuine

ORDER – 2

issue of material fact where none would otherwise exist. *See Project Release v. Prevost*, 722 F.2d 960, 969 (2nd Cir. 1983).

In order to support a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

### B.    Plaintiff's Late Response

The resolution of this case has been delayed on numerous occasions by extensions of time granted to Plaintiff in consideration of his *pro se*, prisoner status. Based on the need to manage its docket and obligation to facilitate a timely resolution of this matter, the Court has stated on numerous occasions that no more extensions of time would be granted and no more late filings would be accepted. For example, in its October 19, 2007 Order, the Court stated: "because Plaintiff's motion for reconsideration, though late, has already been filed, the Court will consider its merits here. Plaintiff is to be advised however, that the Court fully reserves the right to simply strike future overdue motions or motions for extension of time, based on ample warning that its forbearance has been spent." (Dkt. No. 282.) Similarly, its most recent Minute Order stated: "the Court reaffirms that no further extensions of time will be granted." (Dkt. No. 284.)

In spite of these warnings, Plaintiff's Response to the present motion was postmarked on January 7, 2008, three days after the noting date. (Dkt. No. 286 at 5.) Under the local rules, "[a]ny opposition papers shall be filed and served not later than the Monday before the noting date. If service is by mail, the opposition papers shall be mailed not later than the Friday preceding the noting date." LOCAL CIVIL RULE 7(d)(3). In the present case, this would have been December 31 and December 28 respectively. While the

ORDER – 3

Court will consider Plaintiff's responsive briefing here, it recounts this procedural history to indicate it is aware of Plaintiff's late filing, and to again make clear that it reserves the right to simply strike late submissions by either party in the future.

### C. Motion to Dismiss Certain Defendants

Defendants contend that based on Plaintiff's complaint and the position he takes in his briefing, only four of the named Defendants in this action should remain in the case. (Defs.' Mot. 2 (Dkt. No. 285).) Citing the five alleged incidents of First Amendment retaliation yet to be resolved, as described by Plaintiff himself, Defendants argue that only Defendants Williams, Ahlstedt, Bratten, and LaPlante are conceivably liable for the alleged retaliatory destruction of Plaintiff's artwork. (*Id.* at 2–6.) Plaintiff responds by first arguing that Defendants' motion is "unauthorized," not having received "specific authorization" from the Court. (Pl.'s Resp. 2 (Dkt. No. 286).) Second, Plaintiff states that he does indeed dispute Defendants' claim, and he cannot be forced "to submit opposition arguments as to why each named Defendants [*sic*] should not be dismissed." (*Id.* at 3.) Finally, as a "courtesy to the Court," Plaintiff lists the names of twenty individual Defendants that he claims are liable. (*Id.* at 4.)

Plaintiff cites no authority for the proposition that Defendants must receive "specific authorization" from this Court in order to file a subsequent motion for summary judgment.[1] If there was any doubt about the matter, the Court's Minute Order of October 25, 2007, setting a dispositive motions deadline, should have clarified it. (Dkt. No. 284.) Accordingly, the Court turns to the merit of Defendants' motion to dismiss certain named Defendants.

This case was filed on July 19, 2004 and constitutes one of the oldest matters still pending before this Court. As the voluminous docket will attest, the parties have had ample time to conduct discovery and develop their theories of the case. With this observation, the Court does not quibble with Plaintiff's claim that as the nonmoving party the Court must take what he says as true and draw all reasonable inferences in his favor. However, to decide the merits of Defendants' motion, the Court does have to

---

[1] The Court discusses this issue further in subsection D below.

ORDER – 4

decide if there is a "genuine issue of material fact." This is more than the mere promise of disagreement. Rather, the record as a whole must still permit a rational trier of fact to find for the nonmoving party when taking that party's facts as true.

And yet at this late date, Plaintiff appears to believe that as the nonmoving party, he is excused from offering anything more than a list of names, and even that only as a "courtesy." While the Court is grateful for his generosity, Plaintiff is mistaken about his role as steward of this lawsuit. Defendants' request to have all named Defendants except Mike Williams, John Ahlstedt, Kenneth Bratten, and John LaPlante, dismissed from the case is based largely on Plaintiff's own description of the relevant encounters. For example, as to "Issue Nos. 3, 4, and 5,"[2] Plaintiff has specifically named the individuals allegedly responsible for losing or destroying his artwork in retaliation for his constitutionally-protected activity. (*See* Pl.'s Resp. 15 (Dkt. No. 274).) As for "Issue Nos. 1 and 2," Defendants use Plaintiff's own theory of the case as presented in his briefing, such as who Plaintiff cites as the relevant hearing officers, in order to reach the conclusion that Williams, Ahlstedt, and LaPlante are the potentially liable parties. (Defs.' Mot. 4–6 (Dkt. No. 285).) If any of the other named Defendants caused or participated in causing the alleged retaliation, Plaintiff has not explained how.

Certainly for the purpose of notice pleading under the federal rules, Plaintiff is not obliged to offer anything more than he has here. *See* FED. R. CIV. P. 8. Furthermore, the fact of ongoing discovery would certainly influence a court's appraisal of whether there is a "genuine issue of material fact" as to a nonmoving Plaintiff's claims. In this case, at its current juncture, Plaintiff is beyond the point where he can simply offer a litany of names without any indication whatsoever how they may have contributed to the retaliation of which he complains. This is not to say that the standard for summary judgment under Rule 56 has somehow changed, but that the record taken as a whole, at this late date, simply does not permit a rational finding for the nonmoving party. Plaintiff is entitled to have his facts taken as true, but

---

[2] This manner of arranging the disputed encounters comes from Plaintiff's prior opposition brief, in which he lists each episode of alleged First Amendment retaliation. (Dkt. No. 271 at 15.) These five episodes are the only matters left for adjudication in this case.

ORDER – 5

he has to state them with a bare minimum of specificity. Absent any "allege[d] facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint, *see Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981), the Court is forced to conclude that no genuine issue of material fact remains as to most of the named Defendants. Accordingly, they are entitled to judgment as a matter of law.

### D. Further Motions Practice

Defendants appear to have filed this motion under the impression that they are precluded from moving for summary judgment on the same issue they addressed in their prior unsuccessful motion based on the "law of the case" doctrine. (Defs.' Mot. 1 n.1 (Dkt. No. 285).) Therefore, while they believe they are unable to file a motion addressing the retaliation issue, they are permitted to file the instant motion requesting dismissal of certain defendants. (*Id.*) The "law of the case" doctrine is totally inapposite here. In denying Defendants' motion for summary judgment, the Court simply determined that the moving party had not carried its burden under Rule 56 of the federal rules. Specifically, Defendants did not address several of the specific episodes that Plaintiff had alleged were retaliatory. Under those circumstances, the Court could not say that no genuine issue of material fact remained and that Defendants were entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). By entertaining a subsequent motion for summary judgment on the retaliation issue, the Court would not be changing its interpretation of the law, but rather deciding whether Defendants' subsequent showing meets the Rule 56 standard. Thus, "[t]he law of the case as established by the ruling on the first summary judgment motion [is] not so inflexible as to preclude a second look." *Cable & Computer Technology Inc. v. Lockheed Sanders, Inc.*, 214 F.3d 1030, 1038 (9th Cir. 2000). Indeed, this is a case where the prior "denial merely postpone[d] decision of any question; it decide[d] none." *Dessar v. Bank of America National Trust and Savings Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965).

Due to the uncertainty in this regard, and in its discretion to manage its docket, the Court extends the deadline for filing dispositive motions to March 7, 2008. If the parties wish to make further

ORDER – 6

1  submissions they will be considered up until this date.

2  **III.    CONCLUSION**

3  For the foregoing reasons, Defendants' Motion for Summary Judgment and Dismissal of Specific

4  Defendants (Dkt. No. 285) is hereby GRANTED. The parties are instructed to submit further dispositive

5  briefing, if they so desire, by March 7, 2008.

6  SO ORDERED this 5th day of February, 2008.

*[signature]*

John C. Coughenour
United States District Judge

ORDER – 7